FILED UNDER SEAL

s/ scotttweedle

TRACY A. WARREN (SBN: 228013)
ALISSA R. PLEAU-FULLER (SBN: 258907)
CHRISTINA M. MORGAN (SBN: 277877)
**BUCHALTER**
655 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: 619.219.5335
twarren@buchalter.com
apleaufuller@buchalter.com
cmorgan@buchalter.com

Attorneys for Plaintiff,
APPTECH PAYMENTS CORP.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APPTECH PAYMENTS CORP.<br>Plaintiff,<br>vs.<br>CHRISTOPHER LEYVA, individually and as the trustee of THE LEYVA FAMILY TRUST; and DOES 1-30, inclusive,<br>Defendants. | CASE NO. '25CV2946 JO DDL<br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**JURY TRIAL DEMANDED**<br>**[FILED UNDER SEAL]**<br>s/ scotttweedle |

Plaintiff Apptech Payments Corp. complains as follows:

**INTRODUCTION**

1. This is a case about a disloyal former employee who [redacted]

2. Defendant CHRIS LEYVA ("LEYVA") [redacted] [redacted] [redacted] to APPTECH PAYMENTS CORP. ("APPTECH" or

[redacted]

3. [redacted]

4. [redacted]

5. Relations between APPTECH and LEYVA remained amicable despite his termination. LEYVA even sought to collaborate with APPTECH on his new venture—[redacted]

6. However, within the past two weeks, LEYVA began threatening to use wrongfully-retained login credentials to turn off the FinZeo URL. Leyva's threatened actions reach beyond APPTECH. Certain clients rely on APPTECH to access their banking services, which are virtual banks with no physical branches. If Leyva disrupts these services, innocent third parties will be deeply impacted by missing payments, loan obligations, and payroll.

7. [redacted]

8. The parties attempted to resolve these disputes informally, but discussions abruptly came to a halt on October 28, 2025 [redacted]

9. APPTECH has been forced to file suit to recover its property, stop the harm, and to seek compensation for the damages suffered as a result of [redacted]

**THE PARTIES**

10. APPTECH is a Delaware corporation with its principal place of business in Carlsbad, California.

11. LEYVA is an individual who resides in Reno, Nevada. Leyva is also the trustee of The Leyva Family Trust.

12. PLAINTIFF is unaware of the true names and capacities of Defendants named as Does 1 through 30, inclusive, and therefore sues these Defendants by fictitious names. Upon information and belief, each of the Doe Defendants is and was responsible or liable, in whole or in part, for the acts and omissions alleged in this Complaint.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based on complete diversity of citizenship of PLAINTIFF and LEYVA, and the fact that the matter in controversy exceeds the sum or value of $75,000. PLAINTIFF is a Delaware corporation with its principal place of business in Carlsbad, California. LEYVA resides in Nevada.

14. This Court also has jurisdiction pursuant 28 U.S.C. § 1331 insofar as Plaintiff pleads a violation of federal law, namely, the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq*. This court has supplemental jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

15. Venue lies in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the

claim occurred in this judicial district and a substantial part of the property that is the subject of this action is situated in this judicial district. Specifically, [redacted]

16. Further, the parties consented to the exclusive jurisdiction of the federal or state courts sitting in the State of California for any action, suit, or proceeding arising out of or in connection with the Membership Interest Purchase Agreement (described below) or the transactions contemplated thereby.

## **GENERAL ALLEGATIONS**

### **Leyva Induced Plaintiff to Purchase His Interests in Alliance**

17. APPTECH is a Fintech company headquartered in Carlsbad, California. APPTECH utilizes innovative payment processing and digital banking technologies to complement its core merchant services capabilities. Its patented, trade secret and proprietary software provides progressive and adaptable products that are available through a suite of synergistic offerings directly to merchants, banking institutions, and business enterprises.

18. Alliance Partners, LLC ("Alliance") was a Nevada-based software development company, doing business as FinZeo, which purports to facilitate the movement of money.

19. LEYVA, a Nevada resident, was the sole member of Alliance. LEYVA lists on his personal LINKEDIN webpage that he was the CEO and Co-Founder of FinZeo from January 2018 to June 2024, which is untrue. LEYVA was an APPTECH employee in 2023 and 2024.

20. Beginning in August 2023, LEYVA made a [redacted]

21. LEYVA and another Alliance employee, [redacted], conducted

[redacted]

22. [redacted]

23. [redacted]

24. [redacted] [redacted]

25. [redacted]

26. [redacted]

[redacted]

27. [redacted]

28. [redacted]

29. [redacted]

30. [redacted]

31. [redacted]

[redacted]

[redacted] [redacted] [redacted] [redacted] [redacted] [redacted]

[redacted]

32. [redacted]

33. [redacted]

[redacted]

34. [redacted]

35. [redacted]

36. [redacted]

37. [redacted]

38. [redacted]

39. [redacted]

[redacted]

40. [redacted]

41. [redacted]

**42.** [redacted]

[redacted]

[redacted]

43. [redacted]

[redacted]

[redacted]

[redacted]

44. [redacted]

[redacted]

45. [redacted]

46. [redacted]

47. [redacted]

48. [redacted]

49. [redacted]

50. [redacted]

[redacted]

[redacted] a. [redacted]

51. [redacted]

52. [redacted]

53. [redacted]

---

[redacted]

[redacted].

54. [redacted]

55. [redacted]

56. [redacted]

57. [redacted]

58. [redacted]

59. [redacted]

[redacted]

60. [redacted]

61. [redacted]

62. [redacted]

63. [redacted]

64. [redacted]

65. [redacted]

66. [redacted]

67. [redacted]

68. [redacted]

69. [redacted]

70. [redacted]

71. [redacted]

72. [redacted]

**FIRST CAUSE OF ACTION**

**(Misappropriation of Trade Secrets in Violation of 18 U.S.C. §§ 1836, *et seq.* Against LEYVA and Does 1-30)**

73. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. APPTECH's trade secrets and confidential and proprietary information

at issue in this case its source code and codebase, including its passwords and credentials tied to Fedwire connectivity; internal client records and operational data; security login systems and single sign-on ("SSO") capabilities; database structures, schemas, and live data records; utility functions and shared libraries; embedded documentation, technical notes, and architectural drawings; licensed components from APPTECH and Alliance; internal configuration files and development tools; the Instant Bank Authorization ("IBA") module from APPTECH's source code; internal APPTECH proprietary documentation and technical specifications; client onboarding materials and account credentials; banking details and financial models; contracts, strategic communications, and board-level documents; and security and authentication frameworks (collectively, "Proprietary Information").

75. [redacted]

76. [redacted]

77. [redacted]

78. [redacted]

79. [redacted]

80. [redacted]

81. [redacted]

82. [redacted]

83. Furthermore, PLAINTIFF has taken reasonable measures to maintain the secrecy of Proprietary Information. All servers are monitored, controlled, and maintained by PLAINTIFF's personnel to ensure confidentiality and to protect PLAINTIFF's Proprietary Information from disclosure. Access to confidential information and Proprietary Information is limited to those employees and contractors with a "need to know." PLAINTIFF also imposes contractual duties of confidentiality on its employees. [redacted]

84. [redacted]

85. [redacted]

86. [redacted]

87. [redacted]

88. [redacted]

89. [redacted]

90. [redacted]

91. As a result, PLAINTIFF is entitled to an injunction prohibiting said conduct.

**SECOND CAUSE OF ACTION**

**(Violation of the California Uniform Trade Secrets Act**

**Against LEYVA and DOES 1-30)**

92. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 91 of this Complaint as though fully set forth herein.

93. PLAINTIFF's Proprietary Information (as defined above) derives independent economic value, actual or potential, from not being generally known or readily ascertainable.

94. PLAINTIFF uses reasonable efforts to maintain its Proprietary Information's secrecy. All servers are monitored, controlled, and maintained by PLAINTIFF's personnel to ensure confidentiality and to protect PLAINTIFF's Proprietary Information from disclosure. Access to Proprietary Information is limited to those employees and contractors with a "need to know." PLAINTIFF also imposes contractual duties of confidentiality on its employees. [redacted]

95. [redacted]

96. [redacted]

97. [redacted]

98. [redacted]

99. [redacted]

100. [redacted]

101. Unless enjoined by this Court, LEYVA and DOE #1 [redacted]

102. As a result, PLAINTIFF is entitled to an injunction prohibiting said conduct.

**THIRD CAUSE OF ACTION**

**(Fraud [Intentional Misrepresentation] Against Defendant LEYVA and DOES 1-30)**

103. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 102 of this Complaint as though fully set forth herein.

104. [redacted]

h. [redacted]

105. [redacted]

106. [redacted]

107. [redacted]

108. [redacted]

109. [redacted]

110. [redacted]

---

[redacted]

**FOURTH CAUSE OF ACTION**

**(Negligent Misrepresentation Against Defendant LEYVA and DOES 1-30)**

111. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 110 of this Complaint as though fully set forth herein.

112. [redacted]

d. [redacted]

---

[3] [redacted]

[redacted]

113. [redacted]

114. [redacted]

115. [redacted]

116. As a result of LEYVA's false representations, PLAINTIFF has suffered and will suffer damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(Conversion Against LEYVA and Does 1-30)**

117. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 116 of this Complaint as though fully set forth herein.

118. [redacted]

119. [redacted]

---

[redacted].

120. PLAINTIFF did not consent to LEYVA's actions.

121. [redacted]

122. [redacted]

**SIXTH CAUSE OF ACTION**

**(Unfair Business Practices in Violation of**

**Bus. & Prof. Code §§ 17200, *et seq.* Against LEYVA and Does 1-30)**

123. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 122 of this Complaint as though fully set forth herein.

124. California Business & Professions Code § 17200 et seq. is commonly referred to as the Unfair Competition Law ("UCL").

125. The UCL defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice and provides injunctive relief and restitution for violations.

126. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers, and that unfairness is determined by weighing the reasons, justifications, and motivates of the practice against the gravity of the harm to the alleged victims.

127. A business act is "fraudulent" under the UCL if it is likely to deceive

members of the consuming public.

128. LEYVA's actions are "unfair" and "fraudulent" business practices, because, as alleged herein, [redacted]

**SEVENTH CAUSE OF ACTION**

**(Violation of California Penal Code § 502 Against LEYVA and Does 1-30)**

129. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 128 of this Complaint as though fully set forth herein.

130. [redacted]

131. [redacted]

132. [redacted]

133. [redacted]

134. PLAINTIFF has suffered irreparable and incalculable harm and injuries from LEYVA and DOE #1's violations. This harm will continue unless LEYVA and DOE #1 are enjoined from further violations of this section. PLAINTIFF has no adequate remedy at law.

**EIGHTH CAUSE OF ACTION**

**(Breach of Contract Against Defendant LEYVA)**

135. PLAINTIFF incorporates by reference the allegations in Paragraphs 1 through 134 of this Complaint as though fully set forth herein.

136. [redacted]

137. [redacted]

138. [redacted]

139. [redacted]

140. [redacted]

141. [redacted]

142. [redacted]

143. PLAINTIFF has suffered harm as a direct and proximate result of LEYVA's breach.

144. PLAINTIFF is entitled to compensatory damages in an amount to be proven at trial.

145. PLAINTIFF is also entitled to specific performance of certain

contractual obligations, including, but not limited to:

a. [redacted]

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

**AS TO THE FIRST CAUSE OF ACTION**:

A. For compensatory damages according to proof; and

B. For pretrial and prejudgment interest.

**AS TO THE SECOND CAUSE OF ACTION**:

A. For compensatory damages according to proof; and

B. For pretrial and prejudgment interest.

**AS TO THE THIRD CAUSE OF ACTION**:

A. For compensatory damages according to proof;

B. For general damages according to proof;

C. For punitive damages according to proof; and

D. For pretrial and prejudgment interest.

**AS TO THE FOURTH CAUSE OF ACTION**:

A. For compensatory damages according to proof;

B. For general damages according to proof; and

C. For pretrial and prejudgment interest.

**<u>AS TO THE FIFTH CAUSE OF ACTION</u>**:

A. For return of the converted property;

B. For compensatory damages according to proof;

C. For punitive damages according to proof; and

D. For pretrial and prejudgment interest.

**<u>AS TO THE SIXTH CAUSE OF ACTION</u>**:

A. For a preliminary and permanent injunction to the following effect:

i. [redacted]

B. For restitution and disgorgement of all monies paid by Plaintiff to Defendants.

**<u>AS TO THE SEVENTH CAUSE OF ACTION</u>**:

A. For compensatory damages;

B. For a preliminary and permanent injunction to the following effect:

i. [redacted]

[redacted]

C. PLAINTIFF's reasonable attorneys' fees and costs; and

D. For pretrial and prejudgment interest.

**AS TO THE EIGHTH CAUSE OF ACTION**:

A. For a preliminary and permanent injunction to the following effect:

i. [redacted]

B. For compensatory damages according to proof; and

C. For pretrial and prejudgment interest.

**AS TO ALL CAUSES OF ACTION:**

A. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury on all issues so triable.

DATED: October 30, 2025

BUCHALTER
A Professional Corporation

By: /s/ Tracy Warren

TRACY A. WARREN
ALISSA R. PLEAU-FULLER
CHRISTINA M. MORGAN

Attorneys for Plaintiff APPTECH PAYMENTS CORP.

# EXHIBIT 1

REDACTED

# EXHIBIT 2

REDACTED

# EXHIBIT 3

REDACTED